**Juan Gabriel IZQUIERDO–RIOS; Robert Gabriel Izquierdo–Ludena; Alexia Izquierdo–Ludena; Jenny Elvira Ludena–Ordonez, Petitioners,**

v.

**Michael B. MUKASEY \*, Attorney General, Respondent.**

**No. 05–71589.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Nov. 16, 2007.

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony C. Payne, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM \*\*

Juan Gabriel Izquierdo–Rios, a citizen of Peru, filed a petition for review of the

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publi-

denial of his application for asylum and withholding of removal for himself, his wife and their two children. The parties are familiar with the facts and we do not recite them here except as necessary.

The BIA summarily affirmed the decision of the Immigration Judge ("IJ"); therefore we review the decision of the IJ as the final agency determination. *Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir. 2005). "To reverse the IJ's finding, we 'must find that the evidence not only supports that conclusion, but compels it[.]'" *Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir.2005) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Izquierdo–Rios challenges the IJ's conclusion that he is not entitled to asylum because he was not attacked on account of an imputed political opinion. He argues that he was attacked by members of Shining Path, a Maoist narco-terrorist organization, because they believed he was a police informant who was interfering with their political activities. However, we have held that being regarded as a police informant by terrorists is "not akin to imputing a political belief to him." *Cruz–Navarro v. INS,* 232 F.3d 1024, 1030 (9th Cir.2000).

Izquierdo–Rios has not established that he is eligible for asylum, therefore it follows that he has not met the higher standard for withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

DENIED.

cation and is not precedent except as provided by 9th Cir. R. 36–3.